1

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

3

4

5

6    MARCUS QUENTIN KING,                    No. 12-cv-390-JPH

7                    Plaintiff,              ORDER ON SUMMARY

8    vs.                                     JUDGMENT

9    CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

10

11                    Defendant.

12          BEFORE THE COURT are cross-motions for summary judgment. ECF No.

13    12, 15. The parties have consented to proceed before a magistrate judge. ECF No.

14    3. After reviewing the administrative record and the parties' briefs, the court

15    **grants** defendant's motion for summary judgment, **ECF No. 15**.

16                              **JURISDICTION**

17          King protectively applied for disability insurance benefits (DIB) on

18    November 13, 2009. He alleged disability beginning March 1, 1998 (Tr. 140-46).

19    Benefits were denied initially and on reconsideration (Tr. 80-82, 83-85).  ALJ

ORDER - 1

Marie Palachuk held a hearing on December 1, 2010 (Tr. 30-77)  and issued an unfavorable decision February 3, 2011 (Tr. 15-23). On May 17, 2012 the Appeals Council denied review (Tr. 1-3). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review June 8, 2012. ECF No. 1.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

King was 41 years old at onset. He graduated from high school and completed about two years of college (Tr. 36, 72, 164, 391). He has worked as a pipe fitter, millwright, pipe fitter supervisor, property or business investor and property manager. He states he last worked full time as a millwright and stopped after an accident in 1998 (Tr. 41, 47, 56, 71-72). He had an unsuccessful work attempt in Alaska in 2002 (Tr. 47-49).

King alleges disability based on physical limitations. He testified he can walk 20-30 yards (Tr. 43-44),  sit for 3-4 minutes (Tr. 46) and stand 4-5 minutes (Tr. 44). He does very limited shopping and can use a computer for 15-20 minutes (Tr. 51-52). He takes only non-prescribed pain medication. King has been continuously covered by medical insurance (Tr. 53-54).

ORDER - 2

King owns investment properties. He testified his spouse does most of the property management (Tr. 50). When he left Alaska, he owned about 100 rental units or apartments. He testified that he sold them six months before the hearing (Tr. 57-58).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established  a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§  404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so,

ORDER - 3

benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the

decision maker proceeds to step two, which determines whether plaintiff has a

medically severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares plaintiff's impairment with a number of listed impairments

acknowledged by the Commissioner to be so severe as to preclude substantial

gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R.

§404 Subpt. P App. 1. If the impairment meets or equals one of the listed

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

not one conclusively presumed to be disabling, the evaluation proceeds to the

fourth step, which determines whether the impairment prevents plaintiff from

performing work which was performed in the past. If a plaintiff is able to perform

previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity

(RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and

final step in the process determines whether plaintiff is able to perform other work

in the national economy in view of plaintiff's residual functional capacity, age,

education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

ORDER - 4

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*,

888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Palachuk found King was insured through December 31, 2004 (Tr. 15, 17, 31). At step one she found King worked at SGA levels after onset but, because the income could not be verified, she continued with the evaluation (Tr. 17-18). At steps two and three, the ALJ found King suffers from lumbar degenerative disc disease and osteochondritis dessicans of the right knee, impairments that are severe but do not meet or medically equal the severity of a listed impairment (Tr. 18). She found King less than fully credible and found he could perform a range of light work (Tr. 18-19, 21, 72-74). At step four, relying on the VE, the ALJ found King is able to perform his past relevant work as a property/business investor and property manager (Tr. 22, 73-74). Accordingly, the ALJ found King has not been disabled from onset through the date he was last insured, December 31, 2004 (Tr. 23).

**ISSUES**

King alleges the ALJ erred when she assessed credibility, failed to address the lay testimony of his spouse and found at step four he is able to his past relevant work as a property manager and property/business investor. ECF No. 13 at 7-17. The Commissioner responds that the ALJ's reasoning is free from harmful legal error and supported by the evidence. She asks the Court to affirm. ECF No. 16 at 16.

## DISCUSSION

### A. Credibility

King alleges the ALJ's reasons for finding him less than credible are not clear, convincing and supported by substantial evidence. ECF No. 13 at 9-10. The Commissioner disagrees. ECF No. 16 at 4-9.

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

1    The ALJ relied on medical evidence inconsistent with subjective complaints,

2  including treating doctors' opinions King could work; inconsistent statements; lack

3  of medical treatment and activities inconsistent with claimed limitations (Tr. 20-

4  21).

5    The ALJ observes several doctors opined King could work, and no doctor

6  opined he cannot.  James Lyons, M.D., reviewed the record. He testified King was

7  able to do a range of light work during the relevant period of March 1998 through

8  December 31, 2004  (Tr. 19-20, 36-37). Examining doctors Philip Grisham and

9  David Chaplin opined in October 1998, about seven months after onset, that King

10  was able to perform medium work and showed symptom magnification (Tr. 21,

11  324-25). Treating doctor David McGuire released King to a range of light work on

12  January 13, 2000 [the ALJ lists the date as 1999] following recovery from knee

13  surgery. Dr. McGuire notes King was unable to ski but able to hike (Tr. 332).

14  Testing two months after onset showed no radiculopathy. The lower extremities

15  had normal sensation, strength and reflexes (Tr. 232).

16    In March 1998, five days after onset,  it was noted King's knee was painful

17  after walking for three hours (Tr. 20, citing Exhibit 8F/4 at Tr. 335). The ALJ

18  observes in June 2006, although outside the relevant period, King had a good

19  golfing day (Tr. 21, 378, 411).

    King sought medical care for knee or back problems only once after 1999 or

ORDER - 9

2000 in the next five years, before his date last insured. This occurred on March 17, 2003 when he sought care after falling and twisting his knee. Reflexes were strong and range of motion was full (Tr. 20, 391). As noted, King does not take prescribed pain medication (Tr. 197).

The ALJ's reasons for the credibility determination are clear, convincing and supported by substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (proper to consider unexplained failure to follow recommended treatment and lack of treatment); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and daily activities).

King alleges because he explained his lack of treatment (he disliked steroid injections and was "sick of" surgery), the ALJ's reason was not clear and convincing. King is incorrect. The ALJ was not required to credit King's inadequate explanation for failing to seek treatment for allegedly disabling pain. *Fair v. Bowen*, 885 F.2d 597,  603 (9th Cir. 1989).  Error, if any, is clearly harmless. So long as there remains "substantial evidence supporting the ALJ's conclusions on … credibility" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," such is deemed harmless and does not warrant reversal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008), citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197

1   (9th Cir. 2004).  Substantial evidence supports the ALJ's ultimate credibility

2   conclusion.

3   **B. Lay testimony**

4   King alleges the ALJ erred by failing to discuss the lay testimony of his

5   spouse, Leila King. ECF No. 13 at 11-12. Specifically, King alleges the ALJ failed

6   to credit Ms. King's testimony "as to his limitations and the amount of time he

7   spent 'working' during a day/week." ECF No. 13 at 11. The Commissioner

8   answers that any error was harmless. ECF No. 16 at 10-11.

9   Lay testimony as to a claimant's symptoms or how an impairment affects the

10  claimant's ability to work is competent evidence that the ALJ must take into

11  account, and an ALJ is required to give germane reasons for discounting lay

12  testimony. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)(citations

13  omitted).  The courts have not required an ALJ to discuss every witness's

14  testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives

15  germane reasons for rejecting testimony by one witness, the ALJ need only point

16  to those reasons when rejecting similar testimony by a different witness. *See*

17  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)

18  (holding that because "the ALJ provided clear and convincing reasons for rejecting

19  [the claimant's] own subjective complaints, and because [the lay witness's]

    testimony was similar to such complaints, it follows that the ALJ also gave

ORDER - 11

germane reasons for rejecting [the lay witness's testimony"]); cited by *Molina,* 674 F.3d at 1114.

Under the rule that lay testimony "cannot be disregarded without comment," *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), the ALJ arguably erred here in failing to explain her reasons for disregarding lay witness testimony. The error, however, is harmless.

An ALJ's decision will not be reversed for errors that are "inconsequential to the ultimate nondisability determination." *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Molina*, 674 F.3d at 1115. As in *Valentine*, the ALJ here rejected the claimant's, King's, subjective complaints for clear and convincing reasons. It follows that she rejected similar lay testimony by King's spouse for germane reasons.

Moreover, it is clear the ALJ's error would not change the outcome of the case because the lay testimony with respect to limitations is contradicted by the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Treating and examining doctors opined King could perform at least a range of light work (Tr. 218, 232, 325, 332). Mrs. King testified King could walk 10-15 minutes and sit no more than 30 minutes (Tr. 65), testimony that the ALJ was not required to credit because it was contradicted by the medical evidence and by King's activities of hiking and golfing.

ORDER - 12

The ALJ was also not required to accept Mrs. King's somewhat vague testimony with respect to the time plaintiff spends working on investment properties. She did not indicate how much time King spends working "on his cell phone." Rather, she testified that his time in the office is limited. King has stated he "focused harder on income property after the [1998] injury" (Tr. 158). The ALJ's decision is supported by substantial evidence.

**C. Step four**

Last, King alleges the ALJ erred at step four. ECF No. 13 at 12-17.  He essentially alleges that without earnings records the ALJ erred in finding he is able to work full time.  The Commissioner answers that the lack of earnings evidence and King's assertion he worked part-time were immaterial to the ALJ's findings, and King failed to meet his burden at step four. ECF No. 16 at 14-16.

When she determined King could do his past work, the ALJ considered records showing King was "self-employed owning apartment buildings" in 2003 (Tr. 20, 391). She noted he was the sole proprietor of these buildings and has lived off of this investment income for the past 11 years. The ALJ points out that these earnings were not reported to the SSA  (Tr. 17). The ALJ noted:

> The claimant testified that "he only works on this property and investments for about 30 to 90 minutes per day, four or five days per week. However, he owned up to 100 dwellings in Alaska and has arranged for the sale of all those units on his own, while living in Washington. It is questionable that completing such real estate transactions is possible with so little effort. The claimant's wife testified that the

claimant is in the 'office' about two hours per day, three days per week, but the claimant performs most of his work on his cell phone when he is not in the office." Tr. 21, referring to Tr. 57-58, 68.

The ALJ accurately observes working less than full time does not preclude earning amounts that constitute substantial gainful activity, and if a claimant is able to earn SGA, a claimant is found able to work (Tr. 17).

The ALJ considered medical opinions that King could work at least a range of light work; his diminished credibility, and the record as a whole. It is the claimant's burden at step four to show he is unable to perform any past relevant work, and he failed to meet this burden by, for example, submitting tax returns. The ALJ's findings must be upheld if, as here, they are supported by inferences reasonably drawn from the record. *See Tommasetti v. Astrue*, 533 F.3d 1050, 1038 (9th Cir. 2008).

King alleges the ALJ erred when she gave an RFC to the vocational expert that differs from her written decision. ECF No. 13 at 12-17. The difference benefits, King, however. The question to the VE included a sit/stand option (Tr. 73). The ALJ did not include this restriction in the written decision (Tr. 18-19). Because the RFC given to the expert was *more* restrictive that the one in the written decision, the ALJ relied on substantial evidence in finding King is able to perform past relevant work, rendering any error clearly harmless.

King alleges the ALJ erred when she found he could perform the past job of

ORDER - 14

property manager because the VE testified King did not perform this job as described in the DOT.  King fails to mention the VE went on to testify that the number of property manager jobs available to King would accordingly be reduced, by fifty percent.  The VE further testified King would be able to perform his past job of property/business investor, both as actually performed and as described in the DOT (Tr. 73-74). At least one occupation existing in significant numbers  is sufficient to support a finding that a claimant is not disabled. *Tommasetti*, 533 F.3d at 1043-44. Accordingly, the ALJ's step four determination is supported by substantial evidence because the VE opined King could perform his past relevant work as a property/business investor.

Although King alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*,

ORDER - 15

812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 12, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 15th day of October, 2013.

s/James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER - 16